in the opinion as to the kind of evidence which would be required to support the indictment were foreign to the only question really decided or before the court.

The judgment will be affirmed ; Judge Scott concurring. Judge Napton absent.

———————

THE STATE, Respondent, v. ANDREWS, Appellant.

1. State v. Andrews, ante, p. 14, affirmed.

*Appeal from Polk Circuit Court.*

SCOTT, Judge, delivered the opinion of the court.

This case is like that of State v. Andrews at this term, in which I wrote the opinion. Reversed ; Judge Richardson concurs. Judge Napton absent.

———————

CRAVENS *et al.*, Appellants, v. FAULCONER *et al.*, Respondents.

1. It is not necessary, in order to give validity to a will, that the testator should actually sign the same in the presence of the attesting witnesses.
2. The attesting witnesses must subscribe their names to the will in the presence of the testator; but it is not necessary that they should subscribe in the presence of each other.
3. In a statutory proceeding to contest the validity of a will, the burden of proof rests upon the defendants; consequently they have the right to open and close the case to the jury.

| 28b | 19 |
| 110 | 461 |
| 28b | 19 |
| 122 | 523 |
| 122 | 528 |
| 28b | 19 |
| 129 | 427 |
| 28b | 19 |
| 164 | 120 |
| 28 | 19 |
| Case 2 | |
| 102a | 43 |

*Appeal from Clinton Circuit Court.*

*Adams*, for appellants.

I. Under our statute of wills, the subscribing witnesses must sign at the time the will is signed by the testator. (R. C. 1855, tit. Wills, § 4, 18, 19, 20, 30 and 33.)